UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAQUEL DOWNING,

*Plaintiff,*

– against –

PRAGYA YADAV, WEILL CORNELL
MEDICINE,

*Defendants.*

**MEMORANDUM & ORDER**
24-cv-04739 (NCM) (MMH)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Raquel Downing, proceeding pro se, sues her former employer, defendant Weill Cornell Medicine ("Weill Cornell"), and her former supervisor, defendant Pragya Yadav. Am. Compl. ("AC") 1, ECF No. 23.[1] Plaintiff alleges that her treatment at work, culminating in her termination, constituted discrimination based on race, sex, and age and also constituted retaliation for raising complaints. *See generally* AC.

On February 26, 2025, plaintiff filed an Amended Complaint raising claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), in addition to several other claims. AC ¶¶ 21–42. On July 9, 2025, defendants moved to dismiss the complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. *See* Mem. of L. in Supp. of Defs' Mot. to Dismiss ("Mot."), ECF No. 33-1. On February 19, 2026, plaintiff voluntarily dismissed her federal and state law claims based on disability.

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

*See* Ltr. re: Late Filing and Voluntary Dismissal of Disability-Based Claims ("Dismissal Ltr."), ECF No. 46. On March 16, 2026, the Court issued an Order on the Motion to Dismiss, allowing plaintiff's Title VII retaliation and race discrimination claims to proceed, reserving ruling on plaintiff's NYCHRL and NYSHRL claims, and dismissing all other claims. *See* Mem. & Order ("Order"), ECF No. 47. The Court noted that a document in the record suggested that plaintiff had, at some point, reported her treatment by defendants to the New York State Division of Human Rights. Order 27. Accordingly, the Court ordered plaintiff to show cause why her NYSHRL and NYCHRL claims should not be dismissed due to the election of remedies doctrine, which bars NYCHRL and NYSHRL claims based on conduct already reviewed by the Human Rights Division. Order 27–28.

Plaintiff filed a response on March 30, 2026, indicating that she had indeed filed a complaint with the New York State Division of Human Rights, but that it was limited to events occurring on or before October 4, 2023. *See* Pl's Resp. to Order to Show Cause, ECF No. 48. Defendants subsequently filed their own response, asserting that plaintiff's NYSHRL and NYCHRL claims must be dismissed to the extent they are based on pre-October 4, 2023, conduct. *See* Defs' Resp. to Order to Show Cause, ECF No. 49.

Before the Court is the remaining portion of defendants' Motion to Dismiss—specifically, defendants' request that the Court dismiss plaintiff's NYCHRL and NYSHRL claims. The Court assumes familiarity with the facts of this case, which are discussed in the Court's March 16, 2026, opinion. *See* Order.

### LEGAL STANDARD

When deciding a motion to dismiss, a district court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes*

*Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014).[2] "The issue" on a motion to dismiss "is not whether a plaintiff will ultimately prevail" but instead whether a plaintiff is "entitled to offer evidence to support the claims." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012).

Under Rule 12(b)(1), the Court must dismiss a claim for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*; *see also Tronchin v. Shubert Org.*, No. 23-cv-10053, 2025 WL 3535093, at *4 (S.D.N.Y. Dec. 10, 2025).

Meanwhile, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the Court takes all factual allegations contained in the complaint as true, it does not do so for legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Courts are required to give special consideration to litigants who are representing themselves in court. A pro se litigant's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States,* 478 F.3d 489, 491 (2d Cir. 2007)).

### DISCUSSION

Individuals with potential claims under the NYCHRL and NYSHRL must choose between bringing their claims to the New York State Division of Human Rights or litigating their claims in court. *See* N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8–502(a); *Tronchin*, 2025 WL 3535093, at *4. This limitation is known as the "election of remedies" doctrine. Under it, "the remedies of administrative review through the Human Rights Division or judicial review are mutually exclusive." *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882–83 (2d Cir. 1995) (quoting *Pan Am. World Airways v. N.Y. State Hum. Rts. Appeal Bd.*, 61 N.Y.2d 542, 548 (1984)). "The election of remedies bar is jurisdictional . . . ." *Williams v. City of New York*, 916 F. Supp. 2d 517, 521 (S.D.N.Y. 2013) (quoting *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011)). Moreover, the bar precludes consideration of any events "arising out of the same incident" or "based on the same operative events" as those reported to the NYSDHR. *Id.* (quoting *Higgins*, 836 F. Supp. 2d at 188–89).

In the instant case, the parties agree that plaintiff's city and state claims must be dismissed to the extent they are based on conduct occurring on or before October 4, 2023. Accordingly, the Court dismisses plaintiff's claims to that extent under Rule 12(b)(1).

The Court next addresses whether plaintiff's city and state claims, to the extent they are based on conduct after October 4, 2023, warrant dismissal. Plaintiff's claims consist

4

essentially of a single paragraph stating: "[d]efendants' conduct including overt racial, age-based, and disability discrimination, combined with the creation of a hostile work environment—violates the [NYSHRL] and the [NYCHRL]. These laws prohibit discrimination based on race, age, disability, and other protected characteristics in employment, ensuring equal treatment and a safe work environment." AC ¶ 38.

First, with respect to disability discrimination, plaintiff has already voluntarily dismissed her state law claims based on disability. *See* Dismissal Ltr. Thus the Motion is denied as moot insofar as it seeks dismissal of disability-related allegations. *See* Mot. 14–19, 21–22.

Second, with respect to race discrimination, the Court has already found that plaintiff's race discrimination claims can proceed under Title VII. *See* Order 30. "Given that Title VII has stricter pleading requirements than either the State or City laws, if [p]laintiffs adequately state a claim under Title VII, they necessarily state a claim under both NYSHRL and NYCHRL." *Farah v. Emirates*, 728 F. Supp. 3d 290, 301 (S.D.N.Y. 2024). Accordingly, the Court has little difficulty finding that plaintiff's race discrimination claims can proceed under the more expansive standards of the NYSHRL and NYCHRL. These claims are limited, however, to conduct that occurred after October 4, 2023.

Third and finally, the Court examines plaintiff's allegation of age discrimination. The NYCHRL makes it "an unlawful discriminatory practice . . . [f]or an employer or an employee . . . , because of the actual or perceived age . . . of any person . . . [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1). Although the Court previously held that plaintiff failed to state a claim for violation of the ADEA, *see* Mem. 26–27, age-discrimination claims under

5

the NYCHRL "are governed by a more permissive standard than claims asserted under the [ADEA]," *Li v. China Merchants Bank Co.*, No. 22-cv-09309, 2024 WL 3848558, at *6 (S.D.N.Y. Aug. 13, 2024). At the motion to dismiss stage, "a plaintiff need not allege that they suffered an adverse employment action or that discriminatory animus was the but-for cause or even the primary motivation of their alleged mistreatment," but instead, "they must allege only that they have been treated less well at least in part because of their age." *Id.* (quoting *Delo v. Paul Taylor Dance Found., Inc.*, 685 F. Supp. 3d 173, 183 (S.D.N.Y. 2023)). "A plaintiff must allege differential treatment that is more than trivial, insubstantial, or petty. In addition, a plaintiff must also allege that her age was one of the motivating factors, even if it was not the sole motivating factor, for her unequal treatment." *Id.* (first quoting *Torre v. Charter Commc'ns, Inc.*, 493 F. Supp. 3d 276, 285 (S.D.N.Y. 2020); and then quoting *Melman v. Montefiore Med. Ctr.*, 946 N.Y.S.2d 27, 40 (App. Div. 2012)).

Similar to the NYCHRL, the NYSHRL makes it "an unlawful discriminatory practice . . . [f]or an employer . . . , because of an individual's age, . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1). Although the NYSHRL was previously less generous to plaintiffs, the law was amended in 2019 to bring standard for NYSHRL claims closer to the standard of the NYCHRL. *Li*, 2024 WL 3848558, *7 (citing *Livingston v. City of New York*, 563 F. Supp. 3d 201, 232 n.14 (S.D.N.Y. 2021)).

The Court finds that plaintiff has alleged facts rendering it plausible that plaintiff was "treated less well at least in part because of [her] age." *Id.* at *6. The facts alleged in the Amended Complaint and attached materials include two references to plaintiff's age. One occurs in the audio recording dated September 28, 2023. S*ee* Tr. of Recording ("Tr."),

6

ECF No. 33-3. In a portion of the recording, where defendant Yadav and an employee named Lhaden are speaking to one another about various difficulties and issues they have with plaintiff, Lhaden states "I thought she (inaudible) age difference between us or I thought she was (inaudible), but she has a lot of feelings about (inaudible), you know." Tr. 12. Yadav responds "[b]ut you have to, like, (inaudible), right? . . . When I came to clinical research, I was a little bit older, because I completed my Ph.D[.] and stuff like that." Tr. 12. Lhaden then replies, "Yes -- no, I mean, you were treated differently, because of --," Yadav then cuts in, "Yes. You and me are very easily, I think, even 20 years apart." Tr. 13. Deficiencies in the recording make it impossible to completely understand what Yadav and Lhaden were communicating to one another. *See* Mem. 26–27. Nevertheless, this evidence shows that defendant Yadav—plaintiff's direct supervisor—was conscious of plaintiff's age and was discussing it with a co-worker in the context of a conversation about issues the two individuals had with plaintiff. Tr. 12–13. The Court holds that this evidence is sufficient to state a claim for purposes of Rule 12(b)(6). In light of the relatively low "plausibility" threshold at the motion to dismiss stage, and in light of the intentionally broad standards for liability under the NYCHRL and NYSHRL, the Court finds that plaintiff is "entitled to offer" further evidence about what role, if any, perceptions of plaintiff's age played in conduct that Yadav and Weil Cornell took toward plaintiff. *Sikhs for Just*, 893 F. Supp. 2d at 615–16.

Plaintiff also alleges that her age came up in a second respect. Specifically, plaintiff asserts that, on an unspecified date, defendant Yadav "invaded Plaintiff's privacy by," among other things, "inappropriately inquiring into personal details, such as the age of [p]laintiff's son." AC ¶ 6. In isolation, the allegation that Yadav asked plaintiff about the age of her son would not be sufficient to render a claim of age discrimination plausible.

The question itself is innocuous. Without more, it does not indicate prejudice or bias against plaintiff on the basis of her age. Because of the evidence presented by plaintiff concerning the conversation between Yadav and Lhaden, however, plaintiff's age discrimination claim may proceed nonetheless.

The Court finds it appropriate to consider the September 28, 2023 conversation notwithstanding that it occurred prior to October 4, 2023. While the election of remedies doctrine bars plaintiff from suing based on pre-October 4, 2023 conduct, the Court can still consider this conduct as "background evidence" that may illuminate the motive for post-October 4, 2023, conduct (such as plaintiff's termination). In a related context, courts widely agree that an action taken outside of a claim's limitations period can be considered as "background evidence" even though it cannot be the act on which the claim is based. *See, e.g.*, *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 450 (S.D.N.Y. 2018) ("[E]ven if some of the acts are untimely, they may be used as background evidence in support of a timely claim [under Title VII]. Thus, while certain acts of misconduct preceding [a given date] may be time-barred for purposes of bringing a Title VII . . . claim, they nevertheless contextualize the discrete acts that fall within the limitations period. The same is true with respect to [plaintiff]'s NYSHRL and NYCHRL claims . . . ."). In the present case, plaintiff cannot bring suit alleging that Yadav's comments were a discriminatory act, but plaintiff *can* bring suit alleging that plaintiff's post-October 4, 2023, termination was discriminatory, and that Yadav's earlier comments are evidence of discriminatory animus. Accordingly, plaintiff's state-law age discrimination claims may proceed, but any conduct prior to October 4, 2023, can be considered only as background evidence contextualizing post-October 4, 2023, acts.

8

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED** with respect to plaintiff's NYCHRL and NYSHRL claims insofar as those claims are based on conduct that occurred on or before October 4, 2023. Defendants' motion to dismiss is **DENIED** with respect to plaintiff's race-based and age-based claims under the NYCHRL and NYSHRL, insofar as those claims are based on conduct that occurred after October 4, 2023. Defendants' motion to dismiss is **DENIED** as moot insofar as it seeks dismissal of plaintiff's disability-based NYCHRL and NYSHRL claims.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:      June 2, 2026
            Brooklyn, New York

9